**Giovanni Aristides DURAN, AKA Giovanni Duran, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

### No. 16-70469

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed October 30, 2017

Anya McLean, McLean Law Firm PLC, Phoenix, AZ, for Petitioner

Alexander Jacob Lutz, U.S. Department of Justice, Washington, DC, OIL, Janette L. Allen, Esquire, Trial Attorney, Anthony Cardozo Payne, Senior Litigation Counsel, Colette Jabes Winston, Esquire, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Giovanni Aristides Duran, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Duran's omission from his first two asylum applications of information regarding the harm his brother experienced from the MS-13 gang. *See Shrestha*, 590 F.3d at 1047; *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (an applicant "present[ing] substantially different accounts of mistreatment in successive asylum petitions" can constitute a material alteration sufficient to support an adverse credibility finding). Duran's explanations do not compel a contrary conclusion. *See Zamanov*, 649 F.3d at 974.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).